[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 16, 2011
JOHN LEY
CLERK

No. 10-15121
Non-Argument Calendar

_____

D.C. Docket No. 2:07-cv-00824-WKW-WC

DENORRIS WILLIAMS,

Plaintiff-Appellant,

versus

ALABAMA DEPARTMENT OF CORRECTIONS,
RICHARD F. ALLEN, Individually and in his official capacity,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(May 16, 2011)

Before WILSON, COX, and BLACK, Circuit Judges.

PER CURIAM:

Plaintiff DeNorris Williams is a former inmate of the Alabama Department of

Corrections ("the Department").  For seven months of his confinement, from

November 2006 through May 2008, he earned wages working for private employers through the Department's voluntary work-release program. Like all work-release inmates, Williams did not retain all of his earnings. Pursuant to state statute, the Department deducted forty percent of Williams's earnings as costs incident to his confinement. *See* Ala. Code § 14-8-6. And, the Department charged him an additional $5.00 fee for transportation to and from the job site. *See* ADOC Admin. Reg. No. 410 (Dkt. 47-1).

Williams filed a 42 U.S.C. § 1983 lawsuit as a putative class action against the Department and Commissioner Richard Allen in his individual and official capacity. Williams alleges that he and other work-release inmates have a constitutionally protected property interest in the funds deducted from their earnings for transportation fees and that the assessment of transportation fees is a taking without just compensation, in violation of the Fifth Amendment to the United States Constitution. Williams also brings several state law claims.

The district court granted summary judgment in favor of the Department and Allen. The district court determined that: (1) the Department and Allen (in his official capacity) are entitled to Eleventh Amendment immunity for the Fifth Amendment takings claim; (2) Allen (in his individual capacity) is entitled to qualified immunity for the takings claim because it was not clearly established in

2006 and 2007 that deducting transportation fees in addition to Ala. Code § 14-8-6's forty-percent withholding was a Fifth Amendment taking; and (3) Williams's claims for injunctive relief are moot because he is no longer incarcerated and thus no longer participates in the work-release program. After dismissing the Fifth Amendment takings claim, the district court declined to exercise supplemental jurisdiction over the remaining state law claims.

Williams presents the following arguments on appeal: (1) the Eleventh Amendment does not bar his claim against the Department and Allen in his official capacity because the Alabama state courts have not provided a suitable remedy for the takings claim in this case; and (2) Commissioner Allen (in his individual capacity) is not entitled to qualified immunity as to the takings claim because he was not acting in his discretionary authority when he implemented regulations governing the deductions from the earnings of inmates who participate in the Department work-release program. And, even if he was acting in his discretionary authority, Allen is not entitled to qualified immunity because it was clearly established in 2006 and 2007 that Ala. Code § 14-8-6 placed an absolute limit on the percentage amount the Department could withhold from a work-release inmate's earnings.[1]

---

[1] Williams acknowledges that his claims for injunctive relief are now moot; he does not challenge on appeal the dismissal without prejudice.

Williams did not make the first argument regarding the Eleventh Amendment to the district court. We generally do not consider arguments raised for the first time on appeal, and we decline to do so here. *See Peek-A-Boo Lounge of Bradenton, Inc. v. Manatee Cnty., Fla.*, 630 F.3d 1346, 1358 (11th Cir. 2011) (citation omitted). Williams's second argument lacks merit for the reasons stated in the district court's well-reasoned opinion. (Dkt. 58.)

AFFIRMED.